UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JUAN PABLO FERREIRA,<br><br>  Petitioner,<br><br>v.<br><br>RENEE BAKER, *et al.*,<br><br>  Respondents. | Case No. 2:20-cv-00816-GMN-VCF<br><br>**ORDER** |

This action is a petition for a writ of habeas corpus by Juan Pablo Ferreira. Ferreira claims that the respondents violated his federal constitutional rights by holding him in custody at Nevada's Lovelock Correctional Center on an ICE detainer. Ferreira is represented by retained counsel.

The respondents filed a motion to dismiss on June 22, 2020 (ECF No. 5). Ferreira's response to the motion to dismiss was due on August 6, 2020. *See* Order entered May 7, 2020 (ECF No. 3) (45 days for response to motion to dismiss). Ferreira did not respond to the motion to dismiss.

Under LR 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." The Court will grant the motion to dismiss on this ground.

In addition, the Court has examined the motion to dismiss and determines that it is meritorious. While Ferreira's petition purports to be brought under 28 U.S.C. § 2241, Ferreira challenges his custody in a state prison, and he names as respondents the warden of that prison and the Nevada Attorney General. As such, the petition is subject to 28 U.S.C. § 2254. *See White v. Lambert*, 370 F.3d 1002, 1005–10 (9th Cir. 2004)

(overruled on other grounds) (discussing relationship between sections 2241 and 2254). Under 28 U.S.C. § 2254(b)(1) a habeas petition by a person in custody pursuant to the judgment of a state court may not be granted unless the petitioner has first exhausted state court-remedies, unless there is an absence of available state-court corrective process, or unless circumstances exist that render such process ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1). Ferreira makes no showing that he has exhausted his state-court remedies or that any of the exceptions to the exhaustion requirement apply.

Moreover, Ferreira's petition makes no colorable claim that he is in custody in violation of federal law. Ferreira is serving a life sentence. *See* Judgment of Conviction, Exh. 15 (ECF No. 6-15). He does not challenge that life sentence, but rather, as the Court understands it, he claims that he was improperly held on an immigration detainer after being granted parole. However, he does not make any colorable allegation that he had any right, based in federal law, to release on parole on a particular date, or that the respondents holding him under the immigration detainer violated federal law. Ferreira does not state a claim for habeas corpus relief upon which relief could be granted.

**IT IS THEREFORE ORDERED** that Respondents' Motion to Dismiss (ECF No. 5) is **GRANTED**. This action is dismissed.

**IT IS FURTHER ORDERED** that Petitioner is denied a certificate of appealability.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to enter judgment accordingly.

DATED THIS 11 day of _____August_____, 2020.

_____
GLORIA M. NAVARRO,
UNITED STATES DISTRICT JUDGE